(113 App. Div. 691.)

## VAN SISE v. VAN SISE.

(Supreme Court, Appellate Division, Second Department. June 27, 1906.)

EXECUTORS—COMMISSIONS—AGREEMENT BETWEEN HEIRS.

Testator bequeathed to his widow the income of $7,000 in lieu of dower and her distributive share. Shortly after his death, his heirs and legatees contracted with the widow that the executor should pay her $375 per year for life in lieu of the income of the $7,000 mentioned in the will, and that if the income on the fund of $7,000 was insufficient to meet the payment of $375 the dividend on certain bank stock should be applied to make up the deficiency. Held, that the intention of the parties being that the payments to the widow should come out of decedent's estate, the executor was entitled to commissions payable out of the fund, and not from the annuity.

Appeal from Special Term, Suffolk County.

Action by Sarah M. Van Sise against C. Franklyn Van Sise, individually and as executor of Charles A. Van Sise, deceased. From a judgment dismissing the complaint, with costs, plaintiff appeals. Modified and affirmed.

The action was brought by the plaintiff to recover of the defendant, individually and as executor of the last will and testament of the plaintiff's husband, deceased, for a semiannual payment, claimed to be due her from him, and for sums of money which he had theretofore withheld from her, claiming that they were his commissions upon moneys he had theretofore paid to her out of the estate. The first paragraph of the will of the deceased

.husband of the plaintiff is as follows: "After all my lawful debts and funeral expenses are paid, I give and bequeath to my wife Sarah M. Van Sise the interest on the sum of seven thousand dollars to be paid to her by my executors hereinafter named semi-annually as long as she shall remain my widow, this bequest to her to be in lieu of her dower and for her distributive share in my estate, and at her death or remarriage the said sum of seven thousand dollars, is to be equally divided among my following named children, Ann E. Bumstaed, Mary Amelia Velsor, Frances M. Velsor, Mahaly Seaman, Peter E. Van Sise, Charles Franklin Van Sise and Frederick S. Van Sise." Shortly after his death all of the heirs at law and legatees under his will entered into the following agreement: "Know all men by these presents, that we, the undersigned, heirs at law and legatees under the will of Charles A. Van Sise, deceased, do hereby agree and consent that the executor of the last will and testament of Charles A. Van Sise, deceased, pay to Sarah M. Van Sise, widow of said deceased, the sum of three hundred and seventy-five dollars each year during her natural life, the same to commence from the date of the death of said Charles A. Van Sise, the said sum of three hundred and seventy-five dollars to be in lieu of the interest in the sum of seven thousand dollars as mentioned in the will of said deceased. And it is further agreed that the Huntington bank stock shall remain in the estate, and, in the event of the fund of $7,000 not bringing interest sufficient to meet the payment of $375, yearly, then the dividend on said stock shall be applied to make up the deficiency and bringing said amount up to the sum of $375; said agreement being binding upon each of us and our heirs." Appended to this agreement is the following memorandum, signed by the plaintiff: "In consideration of the premises in the foregoing agreement, I, Sarah M. Van Sise, hereby consent to said agreement, and become a party thereto the same as if my name was signed to the foregoing agreement. In witness whereof I have hereunto set my hand and seal this 26th day of March, 1902."

Argued before JENKS, HOOKER, RICH, GAYNOR, and MILLER, JJ.

Thomas Young, for appellant.
Nathan O. Petty, for respondent.

PER CURIAM. The plaintiff was acting well within her rights in the execution of the agreement subsequent to the death of the testator. It is clear, however, from the agreement that it was within the contemplation of the plaintiff, the defendant, and all the heirs at law and legatees of the deceased, that the payments to be made to her should come out of the estate of the deceased. That being so, the executor was no doubt entitled to his commissions, payable out of the fund, and not from the annuity. The judgment, however, is erroneous in that it has refused to adjudge due to the plaintiff the semiannual payment which was tendered on February 10, 1903. This amount is admittedly owing the plaintiff, and it was error to charge the commissions against the plaintiff.

The judgment should therefore be modified by inserting the provision for the recovery of $178.13 by the plaintiff against the defendant, together with all commissions charged against the plaintiff's annuity, and striking out the provision relating to costs, and, as so modified, affirmed, without costs to either party.